# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-655
Lower Tribunal No. 07-11754

_____

**Alexander Green,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before SUAREZ, SALTER, and LOGUE, JJ.

SUAREZ, J.

Defendant Alexander Green appeals the denial of his 3.850 motion after evidentiary hearing. We affirm.

Green was convicted of manslaughter with a firearm after jury trial. Eventually defendant was sentenced to 25 years. This Court affirmed that conviction and sentence. Green v. State, 116 So. 3d 389 (Fla. 3d DCA 2013). Subsequently, Green filed the present 3.850 motion claiming ineffective assistance of trial counsel on several grounds. In general Green claims that trial counsel was ineffective for failing to properly investigate or present at trial certain alibi witnesses and theories.

The trial court appointed counsel to represent Green and set an evidentiary hearing on the motion. During the hearing defendant expressed dissatisfaction with appointed counsel and stated that he wanted to represent himself. The trial court granted his request, but at a later point Green permitted the appointed counsel to cross-examine a witness.

On appeal Green argues that the trial court did not engage in sufficient inquiry before permitting self-representation and that the trial court misled Green about the sufficiency of his reasons for wanting to discharge appointed counsel. After a thorough review of the transcript of the evidentiary hearing, we find that the inquiry conducted by the trial court was more than sufficient to protect defendant's rights and that the trial court in no way misled Green about his reasoning process or his interests. We therefore affirm on that claim.

Green also claims that the trial court incorrectly rejected his claims of ineffective assistance of trial counsel. We affirm on that claim as well. The transcript of the evidentiary hearing makes it abundantly clear that the persons upon whom Green relies for his claims of alibi witnesses could not have provided any viable alibi for Green. We find Green's claims of ineffective assistance of trial counsel to be contradicted by the record of the evidentiary hearing and therefore reject those claims.

Affirmed.